UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICHARD NATHAN ROE                                                                  PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 1:18CV255-RHW

COMMISSIONER OF
SOCIAL SECURITY                                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Plaintiff Richard Nathan Roe's complaint seeking review of the Commissioner of the Social Security Administration's (Commissioner) denial of Plaintiff's claim for disability insurance benefits. Plaintiff filed an application alleging disability beginning October 18, 2016, due to tinnitus, post-traumatic stress disorder (PTSD), impairment of the clavicle or scapula, limited flexion of the knee, degenerative arthritis of the spine, anxiety, depression, and insomnia. Doc. [11] at 14, 131, 167. Plaintiff was 38 years old at the date of the alleged onset of disability. *Id.* at 24. He graduated high school; completed two years of college; and has past relevant work as a maintenance worker, gate guard, and construction worker. *Id.* at 24, 168.

      Plaintiff's application was denied initially and on reconsideration. *Id.* at 75-84. He requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 31-60. The ALJ conducted a hearing on February 2, 2018, at which hearing Plaintiff and a vocational expert testified. *Id.* The ALJ issued an unfavorable decision on February 16, 2018. *Id.* at 14-26. The ALJ found that Plaintiff had severe impairments of degenerative disc disease, degenerative joint disease, and PTSD. *Id.* at 16. However, the ALJ determined that Plaintiff maintained the residual functional capacity (RFC) to perform light work, except that he must never climb ladders, ropes and scaffolds. *Id.* at 18. He is limited to routine repetitive tasks with no

interaction with the general public and only occasional interaction with coworkers, but he can be in close proximity to coworkers. *Id.* The ALJ concluded that Plaintiff is not capable of performing past relevant work. *Id.* at 24. Relying in part on the testimony of a vocational expert, the ALJ found that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy; namely silver wrapper, advertising distributor, and photocopy machine operator. *Id.* at 24-25. Accordingly, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act. *Id.* at 25.

Plaintiff filed a brief arguing that the decision of the Commissioner should be reversed because (1) the ALJ failed to assign controlling weight to Plaintiff's treating psychologist (Desmon C. Mitchell, Ph.D); and (2) the ALJ's RFC was not supported by substantial evidence. Doc. [14]. Following a brief stay of the case, the Commissioner filed a motion to affirm on April 10, 2019. Doc. [18].

## **Law and Analysis**

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in

the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant

numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**<u>Treating Physician Rule</u>**

When considering whether a claimant is disabled, the Commissioner considers the medical evidence available, including medical opinions. *See* 20 C.F.R. § 416.927(b). Ordinarily the opinions, diagnoses, and medical evidence of a treating physician should be accorded considerable weight in determining disability. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005); *Newton*, 209 at 455. The treating physician's opinion on the nature and severity of impairments will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Newton*, 209 F.3d at 455. Before declining to give controlling weight to a treating physician, the ALJ must consider the factors set forth at 20 C.F.R. § 404.1527(d)(2): (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527, 419.927. *Newton*, 209 F.3d at 453. The ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton*, 209 F.3d at 455-56. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the physician's evidence is conclusory; is unsupported by medically acceptable clinical, laboratory, or diagnostic

techniques; or is otherwise unsupported by the evidence. *Id*. A treating physician's opinion may be rejected when the evidence supports a contrary conclusion. *Martinez*, 64 F.3d at 176.

The existence of an error by the ALJ does not automatically result in the reversal of the Commissioner's decision. "Procedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). When an ALJ commits an error, remand "is appropriate only if [plaintiff] shows that he was prejudiced." *Ripley*, 67 F.3d at 557.

**Dr. Mitchell's Opinion Letter**

At issue is the opinion letter of Dr. Mitchell, dated June 23, 2017. Doc. [12] at 431-32. Dr. Mitchell is a clinical psychologist at the VA who treated Plaintiff. In fact, the record reveals an extensive treatment history with Dr. Mitchell from 2014 through 2017. The Social Security regulations consider a psychologist to be an acceptable medical source. *See* 20 C.F.R. § 404.1513 (2013) (defining "acceptable medical source" to include "licensed or certified psychologists"). The regulations also require the Commissioner to evaluate every medical opinion it receives, regardless of its source. 20 C.F.R. § 404.1527(d). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Although clinical psychologists are not physicians, they may properly be considered as an examining source for purposes of determining whether a *Newton* analysis is necessary. *See Sibley v. Astrue*, 2011 WL 7274895, at *10 (E.D.La. Dec.15, 2011) (holding that ALJ did not err in failing to perform *Newton* analysis where reliable evidence from examining psychologist controverted treating physician's opinion),

5

rec. adopted, 2012 WL 441137, at *1 (E.D.La. Feb. 10, 2012); *Naquin v. Astrue*, 2009 WL 928502, at *12 (E.D.La. Apr. 3, 2009) (same).

In the ALJ's decision, she briefly considered Dr. Mitchell's clinical notes but made no mention whatsoever of the June 23, 2017, letter. Doc. [11] at 22-23. The ALJ did discuss the Global Assessment of Functioning scores in Dr. Mitchell's notes and gave the GAF scores "little weight"; however, the ALJ did not indicate what weight, if any, she gave to Dr. Mitchell's opinion. Although Dr. Mitchell's opinion letter is not mentioned, the ALJ provided a lengthy analysis of the VA mental health notes and treatment. *Id.* at 21-22.

In the opinion letter of June 23, 2017, Dr. Mitchell stated that Plaintiff suffers from PTSD and carryover depression symptoms. Doc. [12] at 431. According to Dr. Mitchell, Plaintiff continues to attend psychotherapy due to "ongoing debilitating symptoms". *Id.* Dr. Mitchell opined that Plaintiff has "diminished mental health functioning" and his capacity for quality of life is "severely inhibited". *Id.* Dr. Mitchell further concluded that "[e]mployment would not be in his best interests" and that Plaintiff "absolutely cannot function in a daily working environment." *Id.* Moreover, Dr. Mitchell indicated "it is unlikely that these symptoms will remit in the foreseeable future." *Id.*

An ALJ lacks good cause to reject a treating physician's opinion when the ALJ has not considered all relevant evidence of record. *Myers v. Apfel*, 238 F.3d 617, 621–22 (5th Cir. 2001) (holding that remand was required when the ALJ failed to consider all evidence from a treating source and failed to present good cause for rejecting it); *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F.Supp.2d 893, 911 (N.D.Tex. 2008). While the Commissioner offers arguments for the Court to reject Dr. Mitchell's June 23, 2017 opinion letter, the ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council. *Newton*,

209 F.3d at 455. It is not the function of the Court to weigh the evidence and make independent findings. Here the ALJ neglected to discuss, evaluate, and weigh a medical opinion from a treating psychologist whose opinion suggests Plaintiff suffers from a more diminished residual functional capacity than the one assigned by the ALJ. The ALJ's analysis is incomplete. Hence, the Court finds this matter should be remanded to the ALJ for further consideration.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [14] request for remand to the Commissioner is GRANTED and the Commissioner's [18] Motion to Affirm is DENIED.

IT IS FURTHER ORDERED that the decision of the Commissioner of Social Security is REVERSED and the case is REMANDED to the Commissioner for further proceedings consistent with this Order.

SO ORDERED AND ADJUDGED, this the 6th day of August 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE